UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RENEE D. COOK,

    Plaintiff,

v.                                                  CASE NO: 8:04-cv-1116-T-23MAP

DANAN SMITH, et al.,

    Defendants.

_____/

## **ORDER**

Renee Cook sues Danan Smith, Nedra Roney, Wellcraft Marine Corp. ("Wellcraft"), and Genmar Holdings, Inc., ("Genmar") for an injury sustained while aboard a boat. The complaint alleges that Roney entrusted a fishing boat to Smith for his use while visiting Cayman Island. The boat was equipped with two "readily removable" swivel seats, each on a pedestal attached to the deck. Smith invited Cook and her boyfriend, Michael Stewart, to accompany him on the boat. During the trip, Cook suffered a back injury when the swivel seat she occupied lifted off its pedestal, causing her to fall to the deck of the boat. Cook asserts that the seat lifted off its pedestal as a result of (1) Smith's dangerous and reckless driving and (2) a defect in the design and manufacture of the swivel seat and its pedestal. The complaint alleges "negligent operation" against Smith; "negligent entrustment" against Roney; and strict liability, design defect, manufacturing defect, and failure to warn against Wellcraft and

Genmar.  Roney (Doc. 99) and Wellcraft and Genmar (Doc. 98) move for summary judgment.

Roney argues that Cook offers no evidence demonstrating negligent entrustment, which requires a showing that Roney knew that allowing Smith access to the boat created an unreasonable risk of harm.  Orlando v. FEI Hollywood, Inc., 898 So.2d 167, 169 (Fla. 4th DCA 2005) (negligent entrustment "requires a showing that the entrustor knew or should have known some reason why entrusting the item to another was foolish or negligent"); see also Restatement (Second) of Torts § 308 (1965) ("It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others."); Williams v. Bumpass, 568 So.2d 979, 981 (Fla. 5th DCA 1990) (owner "is not liable for its negligent or intentional use by another, unless the owner knew, or should have known, that the other person was likely to use it in a manner involving an unreasonable harm to others").  Roney provides evidence demonstrating Smith's extensive boating experience and states that she knew of no reason to either question Smith's ability to control the boat or suspect that Smith posed an unreasonable risk to a passenger aboard the boat.  See e.g. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (the party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact).

In response, Cook relies only on the conclusory statement that Roney "knew or should have known that [Smith] was incompetent as a boat operator because of his

dangerous propensities." Cook neither identifies any existing fact nor offers additional evidence to establish a genuine issue of material fact about whether Roney knew or should have known that entrusting the boat to Smith was "foolish or negligent." Holt v. Blakley, No. 05-13245, 2006 WL 26084 (11th Cir. Jan. 5, 2006) ("If the party seeking summary judgment meets its burden, the burden shifts to the non-moving party to submit evidence to rebut the showing with affidavits or other relevant and admissible evidence."); Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."). Accordingly, Roney's motion (Doc. 99) for summary judgment is **GRANTED**. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (Rule 56(c) requires the entry of summary judgment against the "party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). Roney's motion (Doc. 154) *in limine* is **DENIED AS MOOT**. The Clerk is directed to enter judgment in favor to Roney and against Cook on count two.

Wellcraft and Genmar seek (Doc. 98) summary judgment on the substantive claims for strict product liability, design defect, manufacturing defect, and failure to warn. Further, Wellcraft and Genmar's motion for summary judgment argues that Cook

fails to demonstrate entitlement to a punitive damage and fails to establish Genmar's liability.

Wellcraft and Genmar argue that Cook fails to establish the claims for strict liability and defective design because Cook demonstrates neither that the swivel seat contained a design defect nor that the alleged defect caused Cook's injury. Further, the motion argues that Cook fails to demonstrate a failure to warn. Review of the record reveals that the motion for summary judgment fails to establish the absence of a genuine issue of material fact on the claims for strict liability, defective design, and failure to warn. For example, disputes remains about the design of the swivel seat, the cause of Cook's injury, and the visibility and sufficiency of the warning labels. Accordingly, the motion for summary judgment on counts three, four, and six is **DENIED**.

The motion for summary judgment on the claim for a manufacturing defect demonstrates that Cook offers no support for the claim. Cook offers neither evidence nor argument to support a claim that any alleged defect occurred during manufacture of the swivel seat. See e.g. Benitez v. Synthes, Inc., 199 F.Supp.2d 1339, 1344 (M.D. Fla. 2002) ("Manufacturing defects are generally limited to situations where something goes wrong in the manufacturing process and can be distinguished from other types of product liability claims such as design defects and inadequate warning defects."). Accordingly, Wellcraft and Genmar's motion for summary judgment on count five is **GRANTED**. The Clerk is directed to enter judgment in favor of Wellcraft and Genmar and against Cook on count five.

A claim for punitive damage requires malicious intent and is "warranted only where the egregious wrongdoing of the defendant . . . constitutes a public wrong." Chrysler Corp. v. Wolmer, 499 So.2d 823, 825 (Fla. 1986); Harris v. Beneficial Finance Co. of Jacksonville, 338 So.2d 196, 200 (Fla.1976) (actual or statutory damages are "appropriate when willfulness is shown" but punitive damage is appropriate only if "'malicious intent' is proved"); see also Wilson v. O'Neal, 118 So.2d 101 (Fla.1st DCA 1960) ("Malice" describes "a wrongful act done to inflict injury or without a reasonable cause or excuse."). Cook offers evidence of neither malicious intent nor egregious wrongdoing. Further, review of the record reveals no evidence to warrant a punitive damage claim against Wellcraft and Genmar. Accordingly, the motion for summary judgment on the punitive damage claim is **GRANTED**. The Clerk is directed to enter judgment in favor of Wellcraft and Genmar and against Cook on any claim for punitive damage.

Wellcraft and Genmar move for summary judgment on all claims against Genmar because Cook offers no evidence to justify piercing the corporate veil. Wellcraft is the wholly owned subsidiary of Genmar Industries, Inc., which is the wholly owned subsidiary of Genmar. No liability attaches to the parent for the wrongful conduct of the subsidiary unless the parent exercises control to the extent that the subsidiary exists as the parent's mere agent or instrumentality. American Intern. Group, Inc. v. Cornerstone Businesses, Inc., 872 So.2d 333, 337 (Fla. 2nd DCA 2004) (citing Unijax Inc. v. Factory Insurance Association, 328 So.2d 448 (Fla. 1st DCA 1976)); USA Interactive v. Dow Lohnes & Albertson, P.L.L.C., 328 F.Supp.2d 1294, 1310 (M.D. Fla. 2004) (before

piercing the corporate veil between the parent and subsidiary, Florida courts require a showing that a parent exhibited "more than a high degree of control" over the subsidiary [citing American Int'l Group, Inc. v. Cornerstone Businesses, Inc., 872 So.2d 333, 336-337 (Fla. 2d DCA 2004)]); see also Brown v. Margrande Compania Naviera, S. A., 281 F.Supp. 1004, 1005-1006 (D.C. Va. 1968) (liability rarely attaches to a parent and indiscriminate use of the "mere instrumentality" rule destroys the purpose of corporate law). Further, a successful claim requires a demonstration of both a wrong committed by the parent through the subsidiary and an unjust loss to the claimant. USA Interactive v. Dow Lohnes & Albertson, P.L.L.C., 328 F.Supp.2d 1294, 1310 (M.D. Fla. 2004).

Cook offers neither a legal theory supporting parental liability nor any fact demonstrating that Genmar controlled Wellcraft. Cook concludes (1) that "Genmar holds itself out as the world's largest builder of recreational boats and holds Wellcraft out as Genmar's product" and (2) that "Genmar had high ranking officers and staff at the Wellcraft facility in Florida." Cook's conclusions provide insufficient justification to pierce the corporate veil between Wellcraft and Genmar. See e.g. American Cyanamid Co. v. Wilson & Toomer Fertilizer Co., 51 F.2d 665, 670 (5th Cir. 1931) (sharing officers and directors fails to establish that one company was the "mere agency or instrumentality of the other."); Brown v. Margrande Compania Naviera, S. A., 281 F.Supp. 1004, 1005-1006 (D.C. Va. 1968) ("The mere fact two corporations have the same officers, directors and stockholders does not of itself justify invoking the ["mere instrumentality"] rule."). Further, review of the record reveals no evidence demonstrating that Genmar controlled any aspect of Wellcraft's business. Accordingly, the motion for summary judgment as to

Genmar is **GRANTED**.  The Clerk is directed to enter judgment in favor of Genmar and against Cook on counts three, four, five, and six.

Smith's motion (Doc. 151) to strike Cook's claim for punitive damages is **DENIED**.  The motions for joinder (Docs. 155, 156, 166) are **GRANTED.**  Pursuant to 28 U.S.C § 636 and Local Rule 6.01(b), Cook's motion (Doc. 168) to amend the pretrial statement is **REFERRED** to United States Magistrate Judge Mark A. Pizzo for disposition.

ORDERED in Tampa, Florida, on March 8, 2006.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   US Magistrate Judge
      Courtroom Deputy